UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Chet Michael Wilson
_____

        v.                      Civil Action No. 1:24-12950-NMG

The Savings Bank Mutual Life Insurance Company of Massachusetts
_____

### NOTICE OF SCHEDULING CONFERENCE

An initial scheduling conference will be held **BY REMOTE PROCEEDING**   at  3:00 p.m.
on 10/3/25                    , in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1. The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (b), (c), and (d) of Local Rule 16.1 to be of the utmost importance, but welcomes presentations by junior lawyers. Counsel may be given a continuance only if actually engaged on trial. Failure to comply fully with this notice and with sections (b), (c), and (d) of Local Rule 16.1 may result in sanctions under Local Rule 1.3. Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

In a case in which jurisdiction is based up diversity, the parties are reminded to ensure that they have complied with their obligation to file a disclosure statement pursuant to Fed.R.Civ.P.Rule 7.1(a)(2). Limited liability companies are treated like partnerships, not corporations, for purposes of determining their citizenship under 28 U.S.C. §1332(a), and therefore the citizenship of each of the members of any LLC must be provided in such disclosure statement.

_____

[1] These sections of Local Rule 16.1 provide:

    (B) <u>Obligation of counsel to confer</u>. Unless otherwise ordered by the judge, counsel for the parties shall, pursuant to Fed.R.Civ.P. 26(f), confer no later than twenty one (<u>21</u>) days before the date for the scheduling conference for the purpose of:

        (1) preparing an agenda of matters to be discussed at the scheduling conference,

        (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

        (3) considering whether they will consent to trial by magistrate judge.

    (C) <u>Settlement proposals</u>. Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

    (D) <u>Joint statement</u>. Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days before the scheduling conference and after consideration of the topics contemplated by Fed.R.Civ.P. 16(b) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

        (1) a joint discovery plan scheduling the time and length for all discovery events, that shall

            (a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and

            (b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

        (2) a proposed schedule for the filing of motions; and

        (3) certifications signed by counsel **and by an authorized representative of each party** affirming that each party and that party's counsel have conferred:

            (a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

            (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4. Electronic signatures of such authorize

        representatives are acceptable but the filing thereof will be deemed to certify that counsel have actual signatures

        in their possession.

    To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.

| | |
|---|---|
| 8/22/25 | |
| Date | United States District Judge Gorton |
| | By: /s/ Christine Lima |
| | Deputy Clerk |